# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

CRYSTAL KERSH,

    Plaintiff,

v.                                Case No.: _____

BIGTOP BINGO INC.; J.M.
GOODSON LLC; TRACY
GOODSON, individually and d/b/a
BIGTOP BINGO; 93 HOOD
CHARITABLE GROUP, INC.
IRREVOCABLE TRUST; and
WILLIAM PERRY,

    Defendants.
_____/

## INITIAL COMPLAINT

COMES NOW the plaintiff, Crystal Kersh, by and through her undersigned counsel, and hereby files this Initial Complaint against defendants, Bigtop Bingo Inc.; J.M. Goodson LLC; Tracy Goodson, individually and d/b/a Bigtop Bingo; 93 Hood Charitable Group, Inc. Irrevocable Trust; and William R. Perry, and alleges:

### *I. Jurisdiction and Venue*

1.    This Court has jurisdiction of this cause pursuant to 28 U.S.C. § 1331 insofar as claims arise under the Fair Labor Standards Act (FLSA), codified at 29 U.S.C. § 201, *et seq.*

2. Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b) and (c) because the claims arose in this district; defendants have an office and operate in this district; plaintiff was employed, paid, and worked in this district; all causes of action accrued in this district; and defendants are subject to personal jurisdiction in this district.

## *II. Parties*

3. At all times relevant hereto, plaintiff, Crystal Kersh, worked at a bingo establishment owned, operated, and/or controlled by one or more of the defendants.

4. At times relevant hereto, defendant Bigtop Bingo Inc. employed two or more persons engaged in interstate or foreign commerce and/or engaged in handling and working on goods and materials that have moved in interstate or foreign commerce, and upon information and belief has had gross revenues exceeding $500,000 per year.

5. Defendant Bigtop Bingo Inc. is subject to, and not exempt from, the provisions of the FLSA.

6. At times relevant hereto, defendant J.M. Goodson LLC employed two or more persons engaged in interstate or foreign commerce and/or engaged in handling and working on goods and materials that have moved in interstate or

foreign commerce, and upon information and belief has had gross revenues exceeding $500,000 per year.

7. Defendant J.M. Goodson LLC is subject to, and not exempt from, the provisions of the FLSA.

8. Defendant Tracy Goodson was at times relevant hereto an officer, owner, and/or managing member of both Bigtop Bingo Inc., and J.M. Goodson LLC, exercised control over those entities' operations, and played a substantial role in determining the compensation of plaintiff in her employment with those entities. Additionally, Tracy Goodson allowed Bigtop Bingo Inc. to become administratively dissolved in or around 2016, and he continued to operate Bigtop Bingo individually. In that capacity, he employed two or more persons engaged in interstate or foreign commerce and/or engaged in handling and working on goods and materials that have moved in interstate or foreign commerce, and upon information and belief has had gross revenues exceeding $500,000 per year.

9. Defendant Tracy Goodson is subject to, and not exempt from, the provisions of the FLSA.

10. At times relevant hereto, defendant 93 Hood Charitable Group, Inc. Irrevocable Trust exercised operational control over Bigtop Bingo's operations in this district, and played a substantial role in determining the terms and conditions

of plaintiff's employment at Bigtop Bingo.  It also employed two or more persons engaged in interstate or foreign commerce and/or engaged in handling and working on goods and materials that have moved in interstate or foreign commerce, and upon information and belief has had gross revenues exceeding $500,000 per year.

11. Defendant 93 Hood Charitable Group, Inc. Irrevocable Trust is subject to, and not exempt from, the provisions of the FLSA.

12. At times relevant hereto, defendant William Perry exercised operational control over Bigtop Bingo's operations in this district, and played a substantial role in determining the terms and conditions of plaintiff's employment with Bigtop Bingo.

13. Defendant William Perry is subject to, and not exempt from, the provisions of the FLSA.

### III. Factual Allegations

14. Plaintiff began working for Bigtop Bingo Inc., J.M. Goodson LLC, and Tracy Goodson on or about March 13, 2018.  At times pertinent hereto, plaintiff was jointly employed as an "employee" of Bigtop Bingo Inc., J.M. Goodson LLC, and Tracy Goodson within the meaning of the FLSA.

15. Bigtop Bingo Inc., J.M. Goodson LLC, and Tracy Goodson, owned/operated at least one bingo hall in Northwest Florida, which operated under

the name Bigtop Bingo and was located at 93 Hood Drive, Pensacola, Florida.

16.     Bigtop Bingo, Inc., J.M. Goodson LLC, and Tracy Goodson were at all times relevant hereto engaged in commercial activities and competed with other private businesses.

17.     Throughout her employment with Bigtop Bingo Inc., J.M. Goodson LLC, and Tracy Goodson, plaintiff routinely worked in excess of 40 hours per week.  Nevertheless, defendants failed to compensate her at the legally required rate for those overtime hours.

18.     Additionally, defendants Bigtop Bingo Inc., J.M. Goodson LLC, and Tracy Goodson failed to pay her the minimum wages required under the FLSA.

19.     In or around July 2018, defendant Tracy Goodson advised employees of himself, Bigtop Bingo, Inc., and J.M. Goodson LLC -- including plaintiff -- that they would no longer be paid for <u>any</u> of the hours that they worked; instead, the only compensation they would receive would be in the form of tips received from patrons.

20.     Consequently, the last day of work for which plaintiff was compensated for her labor at Bigtop Bingo by defendants Tracy Goodson; Bigtop Bingo, Inc.; and J.M. Goodson, LLC was July 25, 2018, with payment therefor issued two days later.

21. Other than no longer paying plaintiff, however, nothing else about plaintiff's employment with defendants Tracy Goodson; Bigtop Bingo, Inc.; and J.M. Goodson, LLC changed at that time.

22. On or about October 1, 2018 defendant 93 Hood Charitable Group, Inc. Irrevocable Trust was formed, after which the operations at Bigtop Bingo were purportedly transferred to that entity, in whole or in part.

23. Nevertheless, defendants Tracy Goodson; Bigtop Bingo, Inc.; and J.M. Goodson, LLC retained at least some operational control.

24. Additionally, on or about July 14, 2019 defendant William Perry assumed at least some operational control over Bigtop Bingo.

25. Moreover, while plaintiff was working for and jointly employed as an "employee" by Tracy Goodson; Bigtop Bingo, Inc.; J.M. Goodson, LLC; William Perry; and 93 Hood Charitable Group, Inc. Irrevocable Trust, plaintiff was paid no wages for time spent working at Bigtop Bingo.  Additionally, when plaintiff worked in excess of 40 hours in a workweek she was not paid overtime compensation.

26. At all times relevant hereto, Bigtop Bingo, as operated and controlled by defendants, sold and hosted games of chance, participated in the gambling and/or entertainment sectors of the economy, and otherwise engaged in

commercial activities and competed with other private businesses.

27. At no point during her employment at Bigtop Bingo was plaintiff properly paid the minimum wages owed to her by any defendant. Additionally, when plaintiff worked in excess of forty hours in a workweek she was not paid overtime compensation.

28. Plaintiff's employment with defendants at Bigtop Bingo ended on or about October 30, 2019.

29. Upon information and belief, defendants also failed to keep and preserve records of those employed by them and the wages, hours, and other conditions and practices of employment as required by 29 U.S.C. § 211(c).

### *IV. Count I -- Violation of Fair Labor Standards Act (Minimum Wages)*

30. Plaintiff realleges and incorporates herein paragraphs 1 through 29, above.

31. Defendants are subject to, and not exempt from, the provisions of the FLSA.

32. Throughout plaintiff's employment with defendants, defendants were fully aware of the FLSA and the obligations imposed by it to pay plaintiff the required minimum wages.

33. Nevertheless, defendants failed to compensate her at the legally

required wage.

34. Such conduct of defendants constituted a violation of the FLSA, as well as a willful and intentional violation thereof.

35. As a result of defendants' violation of the FLSA, plaintiff has been denied compensation for her labor at the legally required rate.

36. Moreover, plaintiff has had to retain an attorney in order to collect the legally required minimum wages owed to her by defendants.

WHEREFORE, plaintiff demands judgment against defendants for all unpaid minimum wages due; an additional equal amount as liquidated damages; interest, including pre-judgment interest; costs; attorneys' fees; and any other relief to which she may be entitled.

### V.  Count II -- Violation of Fair Labor Standards Act
### (Overtime Compensation)

37. Plaintiff realleges and incorporates herein paragraphs 1 through 29, above.

38. Defendants are subject to, and not exempt from, the provisions of the FLSA.

49. Plaintiff was entitled to, and not exempt from, the protections and provisions of the FLSA.  Additionally, there were no exemptions under the FLSA which would be applicable to plaintiff.

40. Throughout plaintiff's employment with defendants, defendants were fully aware of the FLSA and the obligations imposed by it to pay overtime compensation for hours worked by plaintiff in excess of 40 hours in a workweek.

41. Nevertheless, defendants willfully and intentionally failed and refused to properly compensate plaintiff and pay her overtime wages. Such conduct of defendants constituted a violation of the FLSA, as well as a willful and intentional violation thereof.

42. As a result of defendants' violation of the FLSA, plaintiff has been denied compensation for her labor at the legally required rate.

43. Moreover, plaintiff has had to retain an attorney in order to collect the overtime wages owed to her by defendants.

WHEREFORE, plaintiff demands judgment against defendants for all unpaid overtime compensation; an additional equal amount as liquidated damages; interest, including pre-judgment interest; costs; attorneys' fees; and any other relief to which she may be entitled.

*Plaintiff demands a jury trial on all issues contained in this Initial Complaint which are so triable.*

                                              Respectfully submitted,

                                              s/Bradley S. Odom
                                              Bradley S. Odom, Esq.
                                              Florida Bar Number:   932868
                                              Richard D. Barlow, Esq.
                                              Florida Bar Number:  0425176
                                              ODOM & BARLOW, P.A.
                                              1800 North "E" Street
                                              Pensacola, Florida 32501
                                              (850) 434-3527
                                              email@odombarlow.com
                                              Attorneys for Plaintiff